UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Norman E. Stoudenmire, | ) | Civil Action No.: 9:17-cv-02924-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Perry | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Norman E. Stoudenmire, a state prisoner proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* ECF No. 1.  Respondent answered and filed a motion for summary judgment. *See* ECF No. 19.  This matter is now before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).  *See* ECF No. 31.  The Magistrate Judge recommends granting Respondent's motion for summary judgment and dismissing Petitioner's § 2254 petition with prejudice.  *Id.* at p. 60.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Neither party has filed objections to the R & R, and the time for doing so has expired.[1]  In the

---

[1]    Petitioner's objections were due by October 22, 2018.  *See* ECF Nos. 31 & 32.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

Having reviewed the record for clear error, the Court **ADOPTS** the R & R [ECF No. 31] *as*

*modified by Footnote 2 below.*[2]  Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 19] and **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

      **IT IS SO ORDERED.**

Florence, South Carolina                    s/ R. Bryan Harwell
November 5, 2018                         R. Bryan Harwell
                                     United States District Judge

---

[2]     After addressing each of Petitioner's ineffective assistance claims, the R & R broadly concludes that "all of Petitioner's ineffective assistance" claims fail for lack of *Strickland* prejudice based on "the overwhelming evidence of Petitioner's guilt presented by the State at trial." R & R at pp. 50–51. One of those claims was a conflict of interest claim. *See id.* at pp. 39–42.

     To the extent the R & R suggests Petitioner's **conflict of interest claim** is susceptible to a *Strickland* prejudice analysis based on "overwhelming evidence," the Court notes this is not the correct legal standard. Instead, the correct standard for a conflict claim is the two-prong test set forth in *Cuyler v. Sullivan*, 446 U.S. 335 (1980)—"that (1) counsel operated under 'an actual conflict of interest' and (2) this conflict 'adversely affected his lawyer's performance.'" *Woodfolk v. Maynard*, 857 F.3d 531, 553 (4th Cir. 2017) (quoting *Cuyler*, 446 U.S. at 348); *see, e.g.*, *Hoffman v. Leeke*, 903 F.2d 280, 287 (4th Cir. 1990) (rejecting the notion that a conflict of interest claim is subject to a "harmless error" analysis). In any event, the actual portion of the R & R specifically addressing Petitioner's conflict claim correctly applies the *Cuyler* standard, as does the specific portion of the state PCR order. *See* R & R at pp. 39–42; ECF No. 18-3 at pp. 241–43 (PCR court order).